UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO.

**ARTHUR AUSTIN,** 05 10696 RGS
Plaintiff,

v.

**ESSEX COUNTY CORRECTIONAL FACILITY,**
**FRANK COUSINS, MICHAEL MARKS, ELAINE**
**BUSHWAY, BRIAN LAVOIE, THOMAS**
**FRANCESCONI, JASON COPP, ROBERT**
**KOSTAN AND JOSEPH GOLDSTEIN,**
Defendants,

### NOTICE OF REMOVAL

To:   **United States District Court**
      **District of Massachusetts**

The petition of the defendants, assert:

1. On or about March 11, 2005, plaintiff commenced a civil action against the defendants in the Superior Court of the Commonwealth of Massachusetts, County of Essex, entitled **Arthur Austin v. Essex County, et al, Essex Superior Court CA No. 05-401A**. A copy of the Complaint, and the Summons served on the defendant Michael Marks is attached hereto.

2. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983, and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. Section 1441. This is an action alleging claims including those arising out of the Constitution of the United States. The defendants file this Notice of Removal within thirty (30) days of receipt of plaintiff's Complaint and service of Summons upon them pursuant to 28 U.S.C. Section 1446(b).

3. Written notice of the filing of this Notice shall be promptly served upon the plaintiff and filed with the Clerk of the Essex County Superior Court pursuant to 28 U.S.C. Section 1446(d).

4. Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this Court.

**WHEREFORE,** petitioners respectfully pray that the action now pending against them in the Superior Court of the Commonwealth of Massachusetts in and for the County of Essex, be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this 6th day of April, 2005.

                                    Defendants,
                                    By their Attorney,

                                  /s/ Stephen C. Pfaff
                                  Douglas I. Louison  BBO#545191
                                  Stephen C. Pfaff  BBO#553057
                                  MERRICK, LOUISON & COSTELLO
                                  67 Batterymarch Street
                                  Boston, MA 02110
                                  (617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 6th day of April, 2005, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to **Patrick W. Morgan, Esquire**, RIFKIN LAW OFFICES, 60 Federal Street, Salem, MA 01970 and **Howard B. Lenow, Esquire**, Lenow & McCarthy, 13 Pelham Island Road, Wayland, MA 01778.

                                  /s/ Stephen C. Pfaff
                                  Stephen C. Pfaff

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-401A

Arthur Austin ........................, Plaintiff(s)

v.

Essex County Correctional Facility Frank Cousins, and Michael Marks, et al ......, Defendant(s)

## SUMMONS

To the above named Defendant: Michael Marks

You are hereby summoned and required to serve upon Patrick W. Morgan, plaintiff's attorney, whose address is 60 Federal Street, Salem, MA 01970, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Barbara J. Rouse, Esquire, at Salem, the 14th day of March, in the year of our Lord two thousand five.

*Thomas H. Driscoll*
Clerk

**NOTICE TO DEFENDANT** - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY, ATTEST 3/15/05

| CIVIL ACTION COVER SHEET | DOCKET NO. 05-401A | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) Arthur Austin | DEFENDANT(S) Frank Cousins, Michael Marks, Essex County Correctional Facility, Elaine Bushway, Brian Lavoie, Thomas Francesconi, Jason Copp, Robert Koster and Joseph Goldstein, |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Patrick W. Morgan, Rifkin Law Offices 60 Federal Street, Salem, MA 01970 Board of Bar Overseers number: 557958 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil Rights Act GLc 12 s.11H | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $.............
2. Total Doctor expenses .................................................. $.............
3. Total chiropractic expenses ............................................. $.............
4. Total physical therapy expenses ........................................ $.............
5. Total other expenses (describe) ......................................... $.............
   Subtotal $.............
B. Documented lost wages and compensation to date ........................ $.............
C. Documented property damages to date ................................... $.............
D. Reasonably anticipated future medical and hospital expenses ............. $.............
E. Reasonably anticipated lost wages ...................................... $.............
F. Other documented items of damages (describe)
   $.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
On two separate occasions on or about Sunday, March 30, 2003 the named defendant Correctional Officers had the plaintiff, a mildly retarded African American, brought to the prison infirmary, put in a johnny, made the plaintiff kneel on the floor with his arms handcuffed behind him and forced him to eat cake, pushing his face into the cake and "flicking" his ears. All of the above actions were filmed. The plaintiff suffered severe injuries

TOTAL $.............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Patrick W. Morgan_ DATE: 3/11/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPT.
                                              CIVIL ACTION #: 05-401 A

---

ARTHUR AUSTIN,                                                    )
    365 East Street                                              )
    Tewksbury, MA 01876-1998                                      )
        Plaintiff                                                 )
                                                                  )
vs.                                                               )
                                                                  )
ESSEX COUNTY CORRECTIONAL FACILITY;                               )
20 Manning Ave., Middleton, MA 01949;                             )
FRANK COUSINS, 242 Water Street, Newburyport, MA;                 )
MICHAEL MARKS, 24 Cumberland Rd. Lynn, MA. 01904;                 )
ELAINE BUSHWAY, 74 Pierpont Street, Salem, MA 01970;              )
BRIAN LAVOIE, Wheatland Street, Salem, MA;                        )
THOMAS FRANCESCONI, 57 Kernwood St., Beverly, MA;                 )
JASON COPP, 12 Ipswich Rd, Topsfield, MA;                         )
ROBERT KOSTAN, 22 Northend Street, Peabody, MA 01960; and         )
JOSEPH GOLDSTEIN, 246 Boston Street, Lynn, MA                     )
        Defendants                                                )

---

## COMPLAINT

### INTRODUCTION

1.     This is a civil rights action for money damages brought by an inmate who was assaulted by prison guards at the Essex County Correctional Facility. On two separate occasions on or about Sunday March 30, 2003 defendants Elaine Bushway, Brian Lavoie, Thomas Francesconi, Jason Copp, Robert Kostan and Joseph Goldstein had the plaintiff, a mildly retarded African American, brought to the prison infirmary, put in a Johnny, made plaintiff kneel on the floor with his arms handcuffed behind him and forced him to eat cake, pushing his face into the cake and "flicking" his ears. All of the above actions were filmed. The plaintiff suffered severe injuries which he received at the hands of the defendant corrections officers.

### JURISDICTION

2.     This action is brought under 43 U.S.C. §§1983 and 1988, the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, Article XXVI of the Massachusetts Declaration of Rights, M.G.L. c. 12 §11I, and state tort law.

RIFKIN LAW OFFICES
60 FEDERAL STREET
SALEM, MA 01970

(978) 745-9787
(978) 745-9706
80 CENTRAL STREET
IPSWICH, MA 01938

(978) 356-2111

PARTIES

3. Plaintiff is a United States citizen and resident of the Commonwealth of Massachusetts and was at all times relevant to this complaint an inmate at the Essex County Corrections Facility (ECCF).

4. Defendants were at all times relevant to this complaint correctional officers at Essex County Corrections Facility. Defendant Cousins and Defendant Marks were the direct supervisors of the other Defendant correction officers.

FACTS

5. On two separate occasions on or about Sunday March 30, 2003 defendants Elaine Bushway, Brian Lavoie, Thomas Francesconi, Jason Copp, Robert Kostan and Joseph Goldstein had the plaintiff, a mildly retarded African American, brought to the prison infirmary, put in a Johnny, made plaintiff kneel on the floor with his arms handcuffed behind him and forced him to eat cake, pushing his face into the cake and "flicking" his ears. All of the above actions were filmed. The plaintiff suffered severe injuries which he received at the hands of the defendant corrections officers.

CLAIMS

**COUNT ONE - Civil Rights Violations under 42 U.S.C. § 1983**

6. The above paragraphs are incorporated by reference.

7. Defendants used force upon the plaintiff unnecessarily and not for the purpose of maintaining security but rather for the purpose of causing pain and humiliation to a prisoner in their custody.

8. By their actions, defendants deprived the plaintiff of the clearly established right to be free from cruel or unusual punishment.

9. In using cruel and unnecessary force upon the plaintiff, defendants acted knowingly, willfully, maliciously, intentionally and sadistically.

10. As a direct and proximate result of the defendants' actions, the plaintiff suffered the injuries described in this complaint.

**COUNT TWO - Civil Rights Violations under Article XXVI of the Declaration of Rights of the Massachusetts Constitution**

11. The paragraphs above are incorporated by reference.

RIPKIN LAW OFFICES
60 FEDERAL STREET
SALEM, MA 01970

(978) 745-8787
(978) 745-0788
80 CENTRAL STREET
IPSWICH, MA 01938

(978) 356-2111

12. Defendants used force upon the plaintiff unnecessarily and not for the purpose of maintaining security but rather for the purpose of causing pain and humiliation to the prisoner in their custody.

13. By their actions, defendants deprived the plaintiff of the clearly established right to be free from cruel or unusual punishment.

14. In using cruel and unnecessary force upon the plaintiff, defendants acted knowingly, willfully, maliciously, intentionally and sadistically.

15. As a direct and proximate result of the defendants' actions, the plaintiff suffered the injuries described in this complaint.

## COUNT THREE - Civil Rights Violations under M.G.L. c. 12, § 11I

16. The above paragraphs are incorporated by reference.

17. By abusing their authority in beating and injuring the plaintiff defendants deprived the plaintiff of the following clearly established rights:

    A. freedom from cruel or unusual punishment;

    B. freedom from intimidation;

    C. freedom from threats and coercion; and

    D. the right to engage in speech which does not threaten any legitimate penological interest.

18. Defendants used force against plaintiff in order to deter him from engaging in speech which does not threaten institutional security. The physical abuse was intended to threaten, intimidate, and humiliate him and force him to remain silent in the future. Defendants' use of threats and intimidation as an indirect means of coercing plaintiff into silence violated M.G.L.c. 12 § 11I.

19. As a direct and proximate result of defendant's actions, the plaintiff suffered injuries as described in this complaint.

## COUNT FOUR - Assault and Battery

20. The above paragraphs are incorporated by reference.

21. Defendants committed the tort of assault and battery upon the plaintiff.

22. As a direct and proximate result of the actions of these defendants, the plaintiff suffered injuries as described in this complaint.

RIFKIN LAW OFFICES
60 FEDERAL STREET
SALEM, MA 01970

(978) 745-9707
(978) 745-9784

80 CENTRAL STREET
IPSWICH, MA 01938

(978) 356-2111

## COUNT FIVE - Intentional Infliction of Emotional Distress

23. The above paragraphs are incorporated by reference.

24. Defendants behaved outrageously in intentionally battering the plaintiff.

25. No civilized community tolerates such acts of summary punishment by correctional officers against helpless persons in their custody.

26. Defendants behaved intentionally and outrageously in inflicting pain, fear and humiliation upon the plaintiff.

27. As a direct and proximate result of the actions of these defendants, the plaintiff suffered injuries as described in this complaint.

## COUNT SIX - RESPONDEAT SUPERIOR LIABILITY

28. The above paragraphs are incorporated by reference.

29. At all times pertinent hereto, defendants Elaine Bushway, Brian Lavoie, Thomas Francesconi, Jason Copp, Robert Kostan, Joseph Goldstein, Michael Marks and Frank Cousins were acting within the scope of their employment as agents of ESSEX COUNTY CORRECTIONAL FACILITY.

30. ESSEX COUNTY CORRECTIONAL FACILITY, MICHAEL MARKS and FRANK COUSINS are liable for any exemplary and compensatory damages under the doctrine of respondeat superior for the defendants' actions.

31. As a direct and proximate result of the actions of these defendants, the plaintiff suffered injuries as described in this complaint.

**WHEREFORE,** the plaintiff requests that this Court:

    A. award compensatory damages against the defendants jointly;

    B. award punitive damages against the defendants jointly;

    C. award the costs of this action, including reasonable attorney's fees;

    D. award such other relief as this Court may deem necessary and appropriate.

RIPKIN LAW OFFICES
60 FEDERAL STREET
SALEM, MA 01970

(978) 745-9797
(978) 745-9766
50 CENTRAL STREET
IPSWICH, MA 01938

(978) 356-2111

**JURY DEMAND**

A jury trial is hereby demanded.

DATED: 3/11/05

Respectfully submitted,
The Plaintiff by his Attorney,

*Patrick W. Morgan*
PATRICK W. MORGAN, BBO#557938
RIFKIN LAW OFFICES
60 Federal Street
Salem, MA 01970
(978) 745-9786

FXIN LAW OFFICES
) FEDERAL STREET
3ALEM, MA 01970

(978) 745-9707
(978) 745-9786
CENTRAL STREET
SWICH, MA 01038

(978) 356-2111

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Arthur Austin v. Essex County, et al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen C. Pfaff, Esquire, MERRICK, LOUISON & COSTELLO, LLP
ADDRESS  67 Batterymarch Street, Boston, MA 02110
TELEPHONE NO.  617-439-0305

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Arthur Austin

### DEFENDANTS
Essex Co. Correctional Facility, Frank Cousins, Michael Marks, Elaine Bushway, Brian Lavoie, Thomas Francesconi, Jason Copp,

(b) County of Residence of First Listed Plaintiff: **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Essex Co.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patrick W. Morgan, Esquire, RIFKIN LAW OFFICES, 60 Federal Street, Salem, MA 01970

Attorneys (If Known)
Stephen C. Pfaff, Esquire, MERRICK, LOUISON & COSTELLO, LLP, 67 Batterymarch Street, Boston, MA 02110

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract |  |  | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  / [ ] 530 General |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  |  |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other |  |  | [ ] 950 Constitutionality of State Statutes |
|  |  / [ ] 550 Civil Rights |  |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 555 Prison Condition |  |  |  |
|  | [X] 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from another district (specify)  [ ] 6 Multidistrict Litigation  [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____