UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10696RGS

ARTHUR AUSTIN,
    Plaintiff,

v.

ESSEX COUNTY CORRECTIONAL FACILITY,
FRANK COUSINS, MICHAEL MARKS, ELAINE
BUSHWAY, BRIAN LAVOIE, THOMAS
FRANCESCONI, JASON COPP, ROBERT
KOSTAN AND JOSEPH GOLDSTEIN,
    Defendants.

### ANSWER AND CROSSCLAIMS OF DEFENDANTS SHERIFF COUSINS AND MICHAEL MARKS

### INTRODUCTION

1. This is a general introductory paragraph that does not require an admission or denial by the defendants but to the extent that allegations are made, the defendants hereby deny the same.

### JURISDICTION

2. This paragraph is jurisdictional in nature and does not require an admission or denial by the defendants.

### PARTIES

3. The defendants are with sufficient information to admit or deny whether the plaintiff is a United States citizen or a resident of the Commonwealth of Massachusetts. The defendants admit that at all relevant times the plaintiff was an inmate at the Essex County Correctional Facility.

4. The defendants deny the allegations contained in paragraph 4.

## FACTS

5. The defendants deny the allegations contained in paragraph 5.

## CLAIMS

### COUNT ONE - CIVIL RIGHTS VIOLATIONS UNDER 42 USC §1983

6. The defendants reassert their responses to paragraphs 1 through 5 above as if fully incorporated herein.

7. The defendants deny the allegations contained in paragraph 7.

8. The defendants deny the allegations contained in paragraph 8.

9. The defendants deny the allegations contained in paragraph 9.

10. The defendants deny the allegations contained in paragraph 10.

### COUNT TWO - CIVIL RIGHTS VIOLATIONS UNDER ARTICLE XXVI OF THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

11. The defendants reassert their responses to paragraphs 1 through 10 above as if fully incorporated herein.

12. The defendants deny the allegations contained in paragraph 12.

13. The defendants deny the allegations contained in paragraph 13.

14. The defendants deny the allegations contained in paragraph 14.

15. The defendants deny the allegations contained in paragraph 15.

### COUNT THREE - CIVIL RIGHTS VIOLATIONS UNDER M.G.L. c. 12, §11

16. The defendants reassert their responses to paragraphs 1 through 15 above as if fully incorporated herein.

17. The defendants deny the allegations contained in paragraph 17.

18. The defendants deny the allegations contained in paragraph 18.

19. The defendants deny the allegations contained in paragraph 19.

## COUNT FOUR - ASSAULT AND BATTERY

20.     The defendants reassert their responses to paragraphs 1 through 19 above as if fully incorporated herein.

21.     The defendants deny the allegations contained in paragraph 21.

22.     The defendants deny the allegations contained in paragraph 22.

## COUNT FIVE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     The defendants reassert their responses to paragraph 1 through 22 above as if fully incorporated herein.

24.     The defendants deny the allegations contained in paragraph 24.

25.     The defendants deny the allegations contained in paragraph 25.

26.     The defendants deny the allegations contained in paragraph 26.

27.     The defendants deny the allegations contained in paragraph 27.

## COUNT SIX - RESPONDEAT SUPERIOR LIABILITY

28.     The defendants reassert their responses to paragraphs 1 through 27 above as if fully incorporated herein.

29.     The defendants deny the allegations contained in paragraph 29.

30.     The defendants deny the allegations contained in paragraph 30.

## DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

**First**

The plaintiff has failed to state a claim upon which relief can be granted.

**Second**

The plaintiff has failed to comply with the statute of limitations.

**Third**

The plaintiff has not exhausted his administrative remedies pursuant to the Prisoner Litigation Reform Act.

**Fourth**

The defendant is qualifiedly immune from liability.

**Fifth**

The plaintiff has waived liability.

**Sixth**

The plaintiff has released the defendant from liability.

**Seventh**

None of the allegations alleged by the plaintiff amount to a state or federal constitutional or statutory violation.

**Eighth**

Any of the alleged injuries sustained by the plaintiff are the direct result of his own acts and/or omissions, and not that of the defendant.

**Ninth**

The plaintiff is comparatively negligent.

**Tenth**

The plaintiff is contributorily negligent.

**DEFENDANT FRANK G. COUSINS AND MICHAEL MARKS CROSS CLAIM AGAINST CO-DEFENDANTS BUSHWAY, LAVOIE, FRANCESCONI, COPP,**

## KOSTAN AND GOLDSTEIN

1. The plaintiff's complaint alleges federal and state civil rights violations and state torts against defendants Cousins, Marks, Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein. (Counts 1 thru 6, respectively.)

2. Co-defendant Cousins is the duly elected Sheriff of Essex County with his principal place of business at the Essex County House of Correction, 20 Manning Avenue, Middleton, Massachusetts, 01949.

3. Co-defendant Marks, Superintendent at the Essex County House of Correction, currently resides at 24 Cumberland Road, Lynn, MA, 01904.

4. The co-defendant Bushway, a former supervisor at the Essex County House of Correction, currently resides at 74 Pierpont Street, Salem, MA 01970.

5. The co-defendant Lavoie, a Corrections Officer at the Essex County House of Correction, currently resides at Wheatland Street, Salem, MA.

6. The co-defendant Francesconi, a Corrections Officer at the Essex County House of Correction, currently resides at 57 Kernwood Street, Beverly, MA;

7. The co-defendant Copp, a Corrections Officer at the Essex County House of Correction, currently resides at 12 Ipswich Road, Topsfield, MA;

8. The co-defendant Kostan, a Corrections Officer at the Essex County House of Correction, currently resides at 22 Northend Street, Peabody, MA 01960.

9. The co-defendant Goldstein, a Corrections Officer at the Essex County House of Correction currently resides at 246 Boston Street, Lynn, MA 01904.

## COUNT I- INDEMNITY

10. Co-defendants Sheriff Cousins and Marks repeat and reassert their allegations contained

in paragraphs 1-9 of their crossclaim as if fully incorporated herein.

11. If the plaintiff did incur any loss for personal injury or property injury, then the damages were due in whole or in part to the co-defendants Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein's actions and/ or omissions as described in the plaintiff's complaint.

12. That in the event of a finding in favor of the plaintiff against Sheriff Cousins and Marks and co-defendants Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein, then co-defendants and defendants in crossclaim Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein are obligated in whole or in part for the amount of the finding and/ or judgment for damages that might enter against Sheriff Cousins and Marks.

## COUNT II- CONTRIBUTION

13. Co-defendants Sheriff Cousins and Marks repeats and reasserts their allegations contained in paragraphs 1-12 of their cross claim as if fully incorporated herein.

14. If the plaintiff did incur any loss for personal injury or property injury, then the damages were due in whole or in part to the co-defendants Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein's actions and/ or omissions as described in the plaintiff's complaint.

15. That in the event of a finding in favor of the plaintiff against Sheriff Cousins and Marks and co-defendants Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein, then co-defendants and defendants in crossclaim Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein are obligated in whole or in part for the amount of the finding and/ or judgment for damages that might enter against Sheriff Cousins and Marks.

>Defendants,
>By their Attorney,
>
>/s/ Stephen C. Pfaff
>Douglas I. Louison   BBO# 545191
>Stephen C. Pfaff  BBO#553057
>MERRICK, LOUISON & COSTELLO
>67 Batterymarch Street
>Boston, MA 02110
>(617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 20th day of April, 2005, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed to **Patrick W. Morgan, Esquire**, RIFKIN LAW OFFICES, 60 Federal Street, Salem, MA 01970 and **Howard B. Lenow, Esquire**, Lenow & McCarthy, 13 Pelham Island Road, Wayland, MA 01778.

>/s/ Stephen C. Pfaff
>Stephen C. Pfaff