UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10696RGS

ARTHUR AUSTIN, Plaintiff,

v.

ESSEX COUNTY CORRECTIONAL FACILITY, FRANK
COUSINS, MICHAEL MARKS, ELAINE BUSHWAY, BRIAN LA
VOIE, THOMAS FRANCESCONI, JASON COPP, ROBERT
KOSTAN AND JOSEPH GOLDSTEIN, Defendants.

### ANSWER AND CROSSCLAIMS OF DEFENDANTS
### LaVoie, Francesconi, Copp, Kostan and Goldstein

### INTRODUCTION

1.   This is a general introductory paragraph that does not require an admission or denial by the defendants but to the extent that allegations are made, the defendants hereby deny the same.

### JURISDICTION

2.   This paragraph is jurisdictional in nature and does not require an admission or denial by the defendants.

### PARTIES

3.   The defendants are with sufficient information to admit or deny whether the plaintiff is a United States citizen or a resident of the Commonwealth of Massachusetts. The defendants admit that at all relevant times the

plaintiff was an inmate at the Essex County Correctional Facility.

4. The defendants deny the allegations contained in paragraph 4.

## FACTS

5. The defendants deny the allegations contained in paragraph 5.

## CLAIMS

### COUNT ONE – CIVIL RIGHTS VIOLATIONS UNDER 42 USC §1983

6. The defendants reassert their responses to paragraphs I through 5 above as if fully incorporated herein.

7. The defendants deny the allegations contained in paragraph 7.

8. The defendants deny the allegations contained in paragraph 8.

9. The defendants deny the allegations contained in paragraph 9.

10. The defendants deny the allegations contained in paragraph 10.

### COUNT TWO – CIVIL, RIGHTS VIOLATIONS UNDER ARTICLE XXVI OF THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

11. The defendants reassert their responses to paragraphs 1 through 10 above as if fully incorporated herein.

12. The defendants deny the allegations contained in paragraph 12.

13. The defendants deny the allegations contained in paragraph 13.

14. The defendants deny the allegations contained in paragraph 14.

15. The defendants deny the allegations contained in paragraph 15.

## COUNT THREE - CIVIL RIGHTS VIOLATIONS UNDER M.G.L. c. 12§11I

16. The defendants reassert their responses to paragraphs I through 15 above as if fully incorporated herein.

17. The defendants deny the allegations contained in paragraph 17.

18. The defendants deny the allegations contained in paragraph 18.

19. The defendants deny the allegations contained in paragraph 19.

## COUNT FOUR - ASSAULT AND BATTERY

20. The defendants reassert their responses to paragraphs 1 through 19 above as if fully incorporated herein.

21. The defendants deny the allegations contained in paragraph 21.

22. The defendants deny the allegations contained in paragraph 22.

### COUNT FIVE –INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. The defendants reassert their responses to paragraph 1 through 22 above as if fully incorporated herein.

24. The defendants deny the allegations contained in paragraph 24.

25. The defendants deny the allegations contained in paragraph 25.

26. The defendants deny the allegations contained in paragraph 26.

27. The defendants deny the allegations contained in paragraph 27.

### COUNT SIX – RESPONDEAT SUPERIOR LIABILITY

28. The defendants reassert their responses to paragraphs I through 27 above as if fully incorporated herein.

29. The defendants admit the allegations contained in paragraph 29 only with regard to Lavoie, Francesconi, Copp, Kostan and Goldstein.

30. To the extent any liability is determined for the allegations contained in Plaintiff's Complaint, which defendants deny, then defendants Lavoie, Francesconi, Copp, Kostan and Goldstein admit that Marks, Bushway and Cousins are solely liable for any alleged damages. The defendants otherwise deny the allegations contained in paragraph 30.

## DEMAND FOR JURY TR1AL

The defendant requests a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

### First:

The plaintiff has failed to state a claim upon which relief can be granted.

### Second:

The plaintiff has failed to comply with the statute of limitations.

### Third:

The plaintiff has not exhausted his administrative remedies pursuant to the Prisoner Litigation Reform Act.

**Fourth:**

The defendants are qualifiedly immune from liability.

**Fifth:**

The plaintiff has waived liability.

**Sixth:**

The plaintiff has released the defendants from liability.

**Seventh:**

None of the allegations alleged by the plaintiff amount to a state or federal constitutional or statutory violation.

**Eighth:**

Any of the alleged injuries sustained by the plaintiff are the direct result of his own acts and/or omissions, and not that of the defendants.

**Ninth:**

The plaintiff is comparatively negligent.

**Tenth:**

The plaintiff is contributorily negligent.

**Eleventh:**

The plaintiff voluntarily engaged in or encouraged or requested to be engaged in the conduct for which he now seeks a legal remedy and is solely responsible for any and all alleged injuries.

**Twelfth:**

Defendants were acting in the course of their duties as correctional officers and any liability, if any, is solely the responsibility of the public employer and Defendants are indemnified pursuant to M.G.L. c. 258.

**Thirteenth:**

The Defendants state that the injuries to Plaintiff were caused by a third party over which Defendants had no legal control and for whose conduct Defendants were not legally responsible, and therefore, Defendants cannot be held liable for the damages claimed by the Plaintiff.

**Fourteenth:**

The Defendants state that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

**Fifteenth:**

The Defendants state that M.G.L. c. 258 § 10 (b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

**Sixteenth:**

The Defendants state that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendants did

not originally cause the condition that led to the incident involving the Plaintiff.

**Seventeenth:**

The Defendants deny each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

**Eighteenth:**

The claims arising out of the subject matter of the occurrence alleged are barred as the defendants were carrying out law enforcement and/or public correctional care and custody functions in good faith.

**Nineteenth:**

Defendants deny all of plaintiff's allegations of wrongful conduct and states that at all relevant times, they, as public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

**Twentieth:**

The actions and conduct of the Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

**Twenty-First:**

The alleged acts or omissions of the Defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

**Twenty-Second:**

The Defendants are immune from liability pursuant to M.G.L. c. 258 § 2.

**Twenty-Third:**

The Defendants deny that their actions were extreme, outrageous or intolerable in a civilized society.

**Twenty-Fourth:**

The action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendants to recover all costs, expenses and attorneys' fees associated with the defense in this case.

**Twenty-Fifth:**

The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

**Twenty-Sixth:**

The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

## DEFENDANTS LAVOIE. FRANCESCONI. COPP. KOSTAN AND GOLDSTEIN CROSS CLAIM AGAINST CO-DEFENDANTS COUSINS, MARKS AND BUSHWAY

1. The plaintiff's complaint alleges federal and state civil rights violations and state torts against defendants Cousins, Marks, Bushway, Lavoie, Francesconi, Copp, Kostan and Goldstein. (Counts 1 thru 6, respectively.)

2. Co-defendant Cousins is the duly elected Sheriff of Essex County with his principal place of business at the Essex County House of Correction, 20 Manning Avenue, Middleton, Massachusetts, 01949.

3. Co-defendant Marks, Superintendent at the Essex County House of Correction, currently resides at 24 Cumberland Road, Lynn, MA, 01904.

4. The co-defendant Bushway, a former supervisor at the Essex County House of Correction, currently resides at 74 Pierpont Street, Salem, MA 01970.

5. The co-defendant Lavoie, a Corrections Officer at the Essex County House of Correction, currently resides at Spencer Knowles Road, Rowley, MA.

6. The co-defendant Francesconi, a Corrections Officer at the Essex County House of Correction, currently resides at 57 Kernwood Street, Beverly, MA.

7. The co-defendant Cobb, a Corrections Officer at the Essex County House of Correction, currently resides at 12 Ipswich Road, Topsfield, MA.

8. The co-defendant Kostan, a Corrections Officer at the Essex County House of Correction, currently resides at Kathy Court, Raymond, NH 03077.

9. The co-defendant Goldstein, a Corrections Officer at the Essex County House of Correction currently resides at Hurd Avenue, Saugus, MA 01906.

## COUNT 1- INDEMNIFICATION

10. Co-defendants Lavoie, Francesconi, Cobb, Kostan, Goldstein repeat and reassert their allegations contained

in paragraphs 1-9 of their crossclaim as if fully incorporated herein.

11. If the plaintiff did incur any loss for personal injury or property injury, then the damages were due in whole or in part to the co-defendants Bushway, Marks, Cousins actions and/ or omissions or failure to train and/or supervise and/or provide adequate staffing.

12. That in the event of a finding in favor of the plaintiff against co-defendants Lavoie, Francesconi, Copp, Kostan and Goldstein, then codefendants and defendants in crossclaim Bushway, Marks and Cousins are obligated in whole or in part for the amount of the funding and/ or judgment for damages that might enter against Sheriff Cousins and Marks and co-defendants Lavoie, Francesconi, Copp, Kostan and Goldstein are indemnified against all damages, losses and attorneys fees.

13. That, regardless of the outcome of this litigation, co-defendant Cousins is obligated to provide and/or indemnify co-defendants Lavoie, Francesconi, Copp, Kostan and Goldstein for any and all attorneys' fees and costs

incurred as a result of defending against Plaintiff's Complaint.

## COUNT II-CONTRIBUTION

13. Co-defendants Lavoie, Francesconi, Copp, Kostan and Goldstein repeat and reassert their allegations contained in paragraphs 1-12 of their cross claim as if fully incorporated herein.

14. If the plaintiff did incur any loss for personal injury or property injury, then the damages were due in whole or in part to the co-defendants Bushway, Marks, and Cousins actions and/ or omissions and/or failure to train and/or supervise and/or provide adequate staffing.

15. That in the event of a finding in favor of the plaintiff against co-defendants Lavoie, Francesconi, Copp, Kostan and Goldstein, then codefendants and defendants in crossclaim Bushway, Marks and Cousins are obligated in whole or in part for the amount of the finding and/ or judgment for damages that might enter against co-defendants Lavoie, Francesconi, Copp, Kostan and Goldstein.

Defendants, By their Attorney,

/s/ Howard B. Lenow
Howard B. Lenow, BBO # 293660
LENOW & MCCARTHY
13 Pelham Island Road
Wayland, MA  01778
508.358.8181

**CERTIFICATE OF SERVICE**

I, Howard B. Lenow, hereby certify that on the 20th day of May, 2005, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed to Patrick W. Morgan, Esquire, RIFKIN LAW OFFICES, 60 Federal Street, Salem, MA 01970 and Stephen C. Pfaff, MERRICK, LOUISON & COSTELLO, 67 Batterymarch Street, Boston, MA 02110.

/s/ Howard B. Lenow
Howard B. Lenow